## FLOYD v DU BOIS SOAP CO.

Common Pleas Court, Hamilton Co

No A-69908.   Decided Feb 6, 1941

Alton E. Purcell, Cincinnati, for plaintiff.

Gatch, McLaughlin & Gatch, Cincinnati, for defendant.

## OPINION

By MACK, J.

Plaintiff seeks herein a recovery for overtime under the provisions of the Act of Congress known as "Fair Labor Standards Act of 1938". Upon the agreed statement of facts, arguments of counsel and briefs the cause was submitted to the court. At the time of said submission there was pending in the Supreme Court of the United States two cases hereinafter referred to involving the constitutionality of said Act and the validity of provisions thereof, and which cases were since decided on February 3, 1941. Upon the hearing the following matters were argued:

### CONSTITUTIONALITY OF THE ACT IN QUESTION

It being admitted that defendant company was engaged in interstate commerce, it is unnecessary to do more than refer to the decisions of the Supreme Court of the United States rendered February 3, 1941, determining that said Act was constitutional and the provisions thereof were valid, viz., United States of America v Darby Lumber Co. and Opp Cotton Mills, Inc. v Administrator of the Wage & Hour Division of the Department of Labor.

### JURISDICTION OF THIS COMMON PLEAS COURT

It is forcibly contended that our Common Pleas Court had no jurisdiction of the subject matter of this action, but that such jurisdiction is vested solely in federal courts. With this contention we can not agree, although there is Nisi Prius authority for such contention. Being likewise a court of Nisi Prius jurisdiction, we must determine for ourselves such question, in the absence of controlling decision of the United States Supreme Court or our own reviewing state courts. Our reasons are:

By Section 16(b) when there is unpaid overtime compensation due to employee "an action to recover such liability may be maintained in any court of competent jurisdiction by one or more employees," etc. (Emphasis ours).

"A court of competent jurisdiction" obviously is one where the amount involved in controversy is such as is within the sum that must be involved to confer jurisdiction and where the process of the court can reach the defendant so as to justify personal judgment against him or it. Within that definition this court clearly has jurisdiction in this case, both on account of the amount involved and the service of process enabling the award of personal judgment.

That "any court of competent jurisdiction" is not confined to a federal court is apparent from the broad term "any court" and failure to limit it to any federal court.

That Congress intended to include state courts as having jurisdiction of actions like that in instant case is em-

phasized by its express provisions in §17 of the Act, giving district courts of the United States and U. S. courts of the territories and possessions jurisdiction "to restrain violations of §15" of the Act. By the last sentence of §11 (a) of the Act such action to restrain violations of the Act under §17 shall be brought by the "Administrator" created by §4 of the Act. It seems to us that if Congress intended to confine jurisdiction in all cases to federal courts it would have used like language in §16(b) to that used in the very next §17. If under §16(b) Congress intended to include only federal courts, why was not the same language employed in §17?

We therefore conclude that our court has jurisdiction.

It is contended by defendant that nothing is due the plaintiff. Such contention is that if the pay of plaintiff equals or exceeds the minimum wage per hour, fixed by the law, multiplied by the number of maximum hours, fixed by the law, plus the hours of overtime, at one and one-half times the minimum wage fixed by the law, then the employee is entitled to no extra pay. Concretely, such argument is as follows:

At the minimum wage of twenty-five cents per hour the employee is entitled to $11 per week for forty-four hours, the maximum time fixed. If the employee works thirty-four hours overtime he is entitled to one and one-half times twenty-five cents per hour, or a total of 37½ x 34, which is equal to $12.75. Therefore the regular minimum pay of $11 and the overtime $12.75 would total $23.75. If the employee received as in the case at bar $31 per week, he received more than such total of $23.75, and consequently is not entitled to any additional recovery.

While there is Nisi Prius authority for such contention, yet the duty is imposed upon this court, in the absence of controlling Ohio or Supreme Court of United States decision, to determine the correctness of such argu-

ment by careful examination and consideration of the Act of Congress.

Under §6 of the Act the employer is required to pay "during the first year from the effective date of this section, **not less than twenty-five cents an hour.**" (Emphasis ours).

Under §7 of the Act the employer shall not employ any of his employees "for a work week longer than forty-four hours during the first year from the effective date of this section" * * * "unless such employee receives compensation for his employment in excess of the hours then specified at a rate not less than one and one-half times **the regular rate at which he is employed.**" (Emphasis ours).

It will be noted that the Act does not establish a fixed or regular pay but provides for "**not less than twenty-five cents an hour**". So the regular or fixed pay of an employee who is employed at $31.00 a week for forty-four hours work would be at the rate of more than twenty-five cents an hour, the minimum wage fixed. Likewise it is to be noted that the overtime pay is not fixed at one and one-half times the **minimum** wage, but at one and one-half times "**the regular rate** at which he is employed."

Calculated by the method established by the administrator of the U. S. Department of Labor, Wage and Hour Division, in his Interpretative Bulletin No. 4, §12, the amounts to which plaintiff is entitled are as follows:

$81.12; $264.85; $83.49; making a total of $429.46. Adding the additional amount as liquidated damages provided by the mandatory provisions of §16 (a) of the Act the plaintiff is entitled to a judgment herein of $858.92.

While §16(b) of the Act prescribes a reasonable attorney fee to be fixed by the court, in view of the liquidated damages being a large amount, it does not work any hardship upon plaintiff if called upon to compensate his attorney for any fee in addition to that fixed by the court, we are of opinion

that in this case a fee of $50.00 will be reasonable.

Accordingly a finding will be made on the issues joined in favor of the plaintiff for said amount of $852.92 and a fee of $50.00 will be ordered taxed to the plaintiff's attorney.